{¶ 70} I must respectfully dissent in part from the majority's disposition of this appeal because I disagree with their conclusion that there was sufficient evidence supporting Miller's classification as a sexual predator.
 {¶ 71} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3). As stated in State v. Eppinger, 91 Ohio St.3d 158,164, 2001-Ohio-247, citing Cross v. Ledford (1954), 161 Ohio St. 469,477:
 {¶ 72} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
 {¶ 73} I do not find clear and convincing evidence was presented that Miller was likely to commit a sexually oriented offense in the future. Miller has no prior record for sexual or violent offenses. This was the first sexual offense he committed. Furthermore, although the evidence indicated that he assisted his codefendant in raping the victim, he was not found guilty of rape, but of complicity to rape. Therefore, he was not the principal offender. Although the victim's rape was brutal and a gun was held to her head to subdue her, brutality is present in all rapes, which is a violent crime by nature. However, the legislature clearly did not mandate that all rapists be classified sexual predators.
 {¶ 74} As the Ohio Supreme Court declared in State v. Eppinger,
supra: "Although certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, `to protect the safety and general welfare of the people of this state.' R.C.2950.02(B). Thus, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of `being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many.' State v. Thompson
(1999), 140 Ohio App.3d 638, 748 N.E.2d 1144. Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a `sexual predator.'"
 {¶ 75} Therefore, because I do not find sufficient evidence in support of the trial court's classifying Miller as a sexual predator, I would vacate Miller's sexual predator classification.